UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RUNDEL FLETCHER,

    PLAINTIFF,

v.

OFFICER JAMES PARKER, OFFICER ANDREW ZAPPA, SGT. MICHAEL NYE, OFFICER BRIAN MICHELETTI, OFFICER JARED PETERSON, OFFICER BRIAN TAUZELL, CITY OF MAPLEWOOD,

    DEFENDANTS.

Case No. 16-cv-2912 (DSD/TNL)

REPORT AND RECOMMENDATION

On April 17, 2017, the Court ordered Plaintiff to respond fully to Defendants' discovery requests within 21 days. (April 17, 2017 Order, at 4–5, ECF No. 27). On June 13, 2017, the Court found Plaintiff had failed to comply with that order. (Order to Show Cause, at 2, ECF No. 30). Accordingly, the Court directed Plaintiff to show cause as to why his claims should not be dismissed for failure to prosecute and non-compliance with the discovery order and the Federal Rules of Civil Procedure. (Order to Show Cause, at 2). Plaintiff was warned that failure to comply could result in "assessment of costs, fines and attorneys' fees and disbursements; . . . complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate." (Order to Show Cause, at 2–3). As of July 14, 2017, Plaintiff has failed to respond to the Order to Show Cause.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. Plaintiff failed to respond to Defendants' discovery requests, violating his obligations under Rules 26, 33, 34, and 35. (April 17, 2017 Order, at 2–3). The Court granted Defendants' motion to compel,

ordering Plaintiff to respond to Defendants' discovery requests. (April 17, 2017 Order, at 4–5). When Plaintiff failed to response, the Court then found Plaintiff "ha[d] failed to comply with the April 17, 2017 Order." (Order to Show Cause, at 2). Plaintiff has now failed to comply with the Order to Show Cause, which required Plaintiff, no later than June 30, 2017, to "show cause *in writing* as to why his claims should not be dismissed against all Defendants for failure to prosecute and non-compliance with the April 17, 2017 Order and the Federal Rules of Civil Procedure." (Order to Show Cause, at 2). There is nothing in the record as of the date of this Report and Recommendation that shows Plaintiff has attempted to comply with the April 17, 2017 Order or the Order to Show Cause. Indeed, there is nothing on the docket that reflects Plaintiff's participation in this lawsuit since October 2016 when Plaintiff sought appointment of counsel. (*See* ECF No. 16). Given Plaintiff's failure to comply with the April 17, 2017 Order and the Order to Show Cause, as well as his lack of participation in this lawsuit for nine months, the Court concludes dismissal for failure to prosecute is warranted.[1]

Now, the Court must determine how that dismissal is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes that, given Plaintiff's *pro se* status, dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiff's access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting

---

[1] The Court also concludes that dismissal is appropriate under Rule 37 and Rule 41 for failure to comply with the April 17, 2017 Order and the Order to Show Cause.

purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others).

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: July 14, 2017                            *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota

                                               *Fletcher v. Parker et al.*
                                               Case No. 16-cv-2912 (DSD/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).